

# THE ATTORNEY GENERAL

# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

July 30, 1971

Honorable Robert E. Stewart
Commissioner
State Banking Department
John H. Reagan Building
Austin, Texas

Opinion No. M-915

Re: Branch Banking; Machines
for the purpose of perform-
ing services (obtaining
cash) by automation.

Dear Mr. Stewart:

You have requested an opinion from this office which reads as follows:

"_____[1] Corporation, manufacturer of automated bank teller equipment, has submitted to this office the description and proposed use of a machine _____[2]. It is referred to by the manufacturer as 'the auto-mation of traditional services performed by bank tellers'. A full memorandum and exhibits are attached describing the procedures resulting in (1) withdrawals from _____[2] on the premises of the Issuing Bank and in (2) withdrawals not made at the Issuing Bank.

"Please advise us whether in the proposed trans-actions both on and away from the drawee bank premises the bank is engaging in business in more than one place or is cashing checks outside its own banking house, contrary to the provisions of Article 16, Sec-tion 16 of the Texas Constitution or Article 342-903, Vernon's Texas Civil Statutes."

Article XVI, Section 16 of the Constitution of Texas reads as follows:

---

1-2   The name of the manufacturer, and the trade name of the machine are omitted throughout as shown by blank spaces where the context indicates.

-4460-

"The Legislature shall by general laws, authorize the incorporation of corporate bodies with banking and discounting privileges, and shall provide for a system of State supervision, regulation and control of such bodies which will adequately protect and secure the depositors and creditors thereof.

"No such corporate body shall be chartered until all of the authorized capital stock has been subscribed and paid for in full in cash. Such body corporate shall not be authorized to engage in business at more than one place which shall be designated in its charter.

"No foreign corporation, other than the national banks of the United States, shall be permitted to exercise banking or discounting privileges in this State. As amended Nov. 8, 1904; Aug. 23, 1937."

Article 342-903, Vernon's Civil Statutes, as last amended,[3] reads in part as follows:

"No State, national or private bank shall engage in business in more than one place, maintain any branch office, or cash checks or receive deposits except in its own banking house. For purposes of this article 'banking house' means the building in whose offices the business of the bank is conducted and which is functionally one place of business, including (a) office facilities whose nearest wall is located within five hundred (500) feet of the nearest wall of the central building and is physically connected to the central building by tunnel, passageway or hallway providing direct access between the central building and the connected office facility or by pneumatic tube or other similar carrier, and (b) in addition, in a county having a population of at least 350,000 according to the last preceding federal census, if authorized in the manner hereinafter provided, not more than one (1) automobile drive-in facility whose nearest boundary is located within one thousand eight hundred fifty (1,850) feet of the

---

[3]      Acts 62nd Leg., R.S., 1971, ch. 358, p. 1352, effective Aug. 30, 1971.

nearest wall of the central building but more than five hundred (500) feet therefrom and is connected to the central building by tunnel, passageway or hallway providing direct access between the central building and the connected automobile drive-in facility or by pneumatic tube or other similar carrier. The entire banking house shall for all purposes under the law be considered one integral banking house. The term 'automobile drive-in facility' as herein used shall mean a facility offering banking services solely to persons who arrive at such facility in an automobile and remain therein during the transaction of business with the bank. . . ."

From the information which has been furnished with your request for an opinion, it is reflected that the automated machines will be installed and operated only on the premises where the bank which makes the machine available is authorized under its charter to engage in the banking business.

It is set out in the documents furnished us with your opinion request that the machines will be operated and used as follows in dispensing cash to customers of each participating bank.

"A bank would enter into agreements with other banks whereby each of the banks would encode the bank identification cards of certain customers to [4] enable such customers to obtain cash from a _____ installed on the premises of each of the particIpating banks. Each bank issuing identification cards (the 'Issuing Bank') would also enter into agreements with its customers providing that after money was dispensed to a customer the following would occur:

"1. If the withdrawal was made from the _____ [5] on the premises of the Issuing Bank, the withdrawal would be treated as any other checking account withdrawal by the customer by an appropriate debit to the customer's account; or

4-5      See Footnote 2, supra.

"2. If the withdrawal was not made at the Is-
suing Bank, (a) the transaction would be treated
as the cashing of a check drawn on the Issuing Bank,
(b) the bank at which cash had been dispensed (the
'Dispensing Bank') would transmit the transaction
slip prepared by the _____ [6] through normal
clearing channels to the Issuing Bank, (c) the
Issuing Bank would debit the customer's account
for the amount of money dispensed if a sufficient
balance was available, and (d) if the customer's
checking account at the Issuing Bank contained in-
sufficient funds, the Issuing Bank would return
the transaction slip to the Dispensing Bank unpaid
and the Dispensing Bank would have to seek collec-
tion from the customer.

"In either case, the cash withdrawal is the
essential equivalent of cashing a check, drawn on
the Issuing Bank, at either the Issuing Bank or a
Dispensing Bank.

"If the participating banks are members of a
bank credit card association such as Master Charge
or BankAmericard, the customer could be permitted
to elect to have his withdrawal either 'credited'
(sic) against his checking account at the Issuing
Bank or treated as a cash advance under the rules
of such credit card programs."

It therefore appears from the facts submitted, that the
use and operation of an automated machine in the manner above
set out would be in conformity with normal banking operations,
(such as a bank teller would perform in cashing a check) and
the use of such automated machines on the premises of partici-
pating banks would not be in violation of Article XVI, Section
16 of the Constitution of Texas, supra, and Article 342-903,
supra.

## S U M M A R Y

The use of automated machines in dispensing
cash, on the premises of a banking house, under

---

[6]      See Footnote 2, supra.

the facts submitted, would not violate Article XVI, Section 16 of the Constitution of Texas or Article 342-903, Vernon's Civil Statutes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John H. Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Z. T. Fortescue
Dyer Moore
Jim Swearingen
Jack Goodman

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant

-4464-